IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,756






EX PARTE MARCUS ANTOINE HERVEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 28,153-CR IN THE 13TH DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of aggravated robbery. A jury sentenced him to sixty years' imprisonment. The Tenth Court of
Appeals upheld his conviction. Hervey v. State, No. 10-02-00148-CR (Tex. App.-Waco, February
11, 2004).

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
request jury charge instructions on extraneous offense testimony and parole, and telling the jury
panel that he would not be able to consider probation in an offense such as this one, when he was
requesting the jury to give Applicant community supervision for the offense. 

 The trial court has determined that trial counsel was ineffective in that counsel and that such
ineffective representation prejudiced Applicant. We agree. Relief is granted. The sentence in Cause
No. 28,153-CR in the 13th Judicial District Court of Navarro County is set aside, and Applicant is
remanded to the custody of the Sheriff of Navarro County for a new punishment hearing. The trial
court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: March 28, 2012

Do Not Publish